[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12533
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20452-KMM-12

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERMAN SILVESTRO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 7, 2014)

Before PRYOR, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

German Silvestro, having pleaded guilty to conspiracy to possess with intent to distribute 1,000 or more marijuana plants, in violation of 21 U.S.C. § 846, appeals his 144-month above-guideline sentence. Silvestro argues the district court erred in denying a so-called "safety-valve" reduction under U.S.S.G. § 5C1.2, applying three sentencing enhancements, and varying upward from his guideline sentencing range by two years. Upon review, we reject Silvestro's arguments and affirm.[1]

## I.  DISCUSSION

### A.    *Denial of a Safety-Valve Reduction*

Under certain circumstances, a district court can sentence a defendant without regard to a statutory minimum. *See* U.S.S.G. § 5C1.2(a)(1)-(5). In the instant case, Silvestro was subject to a 10-year statutory minimum sentence under 21 U.S.C. § 846, and Silvestro argues the district court erred by not disregarding this statutory minimum under § 5C1.2(a). However, Silvestro was not eligible for safety-valve relief because he participated in a violent kidnapping and thereby aided and abetted the use of violence. *See id.* § 5C1.2(a)(2) (allowing a court to impose a sentence without regard to a statutory minimum only if, inter alia, the

---

[1] When evaluating a sentence on appeal, "[w]e review the district court's factual findings for clear error and the court's application of the sentencing guidelines *de novo*." *United States v. McGuinness*, 451 F.3d 1302, 1304 (11th Cir. 2006). We review the reasonableness of a sentence for abuse of discretion, asking first whether the district court committed any significant procedural error and then evaluating the sentence's substantive reasonableness under the totality of the circumstances. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009).

2

court finds that the defendant did not use violence in connection with the offense); *see also id.* § 5C1.2 cmt. n.4 ("[T]he term 'defendant,' as used in subsection (a)(2), limits the accountability of the defendant to his own conduct and conduct that he aided or abetted . . . ."). Moreover, the kidnapping resulted in a death, which also precluded the district court from disregarding the statutory minimum. *See id.* § 5C1.2(a)(3) (requiring that "the offense did not result in death . . . to any person"). For these reasons, the district court did not err in denying safety-valve relief to Silvestro.

B.    *Application of Sentencing Enhancements*

Silvestro also challenges the district court's application of three sentencing enhancements. *See id.* § 2D1.1(b)(1) (two-level enhancement for possession of a dangerous weapon), (b)(2) (two-level enhancement "[i]f the defendant used violence"), (b)(12) (two-level enhancement if "the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance"). However, even with these enhancements, Silvestro's base offense level resulted in a guideline range that was below his 10-year statutory minimum under § 846, and the statutory minimum therefore become his guideline range. *See id.* § 5G1.1(b). Consequently, and in light of our conclusion that Silvestro was not entitled to safety-valve relief, Silvestro's sentence was not affected by any of the

enhancements he challenges, and any error the district court made in their application was therefore harmless under Fed. R. Crim. P. 52(a).

## C.    Application of an Upward Variance

Finally, Silvestro challenges the reasonableness of his sentence, drawing our attention to the fact that it falls two years above his guideline range.  However, under the totality of the circumstances, we are not "left with a definite and firm conviction that the district court committed a clear error of judgment in weighing the [sentencing factors under 18 U.S.C.] § 3553(a)" and "arriv[ed] at a sentence that lies outside the range of reasonable sentences dictated by the facts of th[is] case."  *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).  Accordingly, we cannot vacate Silvestro's sentence.  *Id.*

While we take note of the fact that Silvestro's sentence was above his guideline range, "[s]entences outside the guidelines are not presumed to be unreasonable." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009).  In this case, the variance the district court imposed served to alleviate potential sentencing disparities under § 3553(a)(6) with respect to Silvestro's co-conspirators, in comparison to whom the district court observed Silvestro received only a "modest" increase.  Moreover, the drug conspiracy to which Silvestro pleaded guilty involved a kidnapping and a killing, bearing on the seriousness of the offense under § 3553(a)(2)(B).  The district court was not unreasonable in

4

concluding that the statutory minimum of ten years did not adequately take into account Silvestro's uncharged participation in the kidnapping.  Finally, although Silvestro's sentence was above his guideline range, it fell well below the statutory maximum of life imprisonment, which is an indication of reasonableness.  *See United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006).  Thus, under the totality of the circumstances, the district court did not abuse its discretion by imposing a substantively unreasonable sentence.

## II.  CONCLUSION

In light of the foregoing, we reject each of Silvestro's contentions and conclude that the district court committed no error or abuse of discretion warranting reversal.

**AFFIRMED.**